**Burrel LANHAM, Jr., Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
**Respondent.**

No. 01–3352.

United States Court of Appeals, Federal Circuit.

Jan. 14, 2002.

Before GAJARSA, LINN and PROST, Circuit Judges.

DECISION

PER CURIAM.

Mr. Burrel Lanham, Jr., appeals a final decision of the Merit Systems Protection

Board ("Board"), in which the Board affirmed the reconsideration decision of the Office of Personnel Management ("OPM") denying Mr. Lanham's application for disability retirement under the Civil Service Retirement System ("CSRS"). *Lanham v. Office of Pers. Mgmt.*, No. SF–831E–00–0509–I–1 (October 10, 2000) (*"Initial Decision"*).[1] Because the Board's factual determinations concerning whether Mr. Lanham was physically disabled within the meaning of the CSRS statute are unreviewable and Mr. Lanham has not shown that the Board otherwise erred, we *affirm.*

## DISCUSSION

Mr. Lanham was employed with the Defense Logistics Agency ("DLA"), located in Goleta, California, as a Contract Management Team Supervisor, a civilian position, but one that requires a security clearance. In July 1997, the Department of Defense ("DOD") revoked Mr. Lanham's security clearance, citing the following reasons: (i) Mr. Lanham's history of not filing or paying state or federal income tax and failure to provide accurate information to the DOD about his tax status; and (ii) information showing emotional and personality disorders, including an arrest for spousal abuse and the results of an agency-ordered medical and psychiatric exam. The Clearance Appeal Board upheld the revocation on January 22, 1998. Effective March 30, 1998, the DLA removed Mr. Lanham from his position because he no longer had the necessary security clearance.

Just before his removal, on March 25, 1998, Mr. Lanham applied for disability retirement under the CSRS. He claimed that he had experienced pain in his back since 1996, which limited his ability to bend and to set or stand for long periods. On December 31, 1998, the OPM denied Mr. Lanham's application. He requested reconsideration, additionally claiming that he had been diagnosed with generalized anxiety disorder, with mild recurrent depression, and personality disorder. The OPM denied reconsideration. Mr. Lanham appealed to the Board, but before the Board reached the merits, the OPM rescinded its reconsideration decision to evaluate the psychiatric condition. On May 10, 2000, the OPM issued a new reconsideration decision, taking the psychiatric conditions into account, but affirming the initial denial of employment related disability benefits. Mr. Lanham again appealed to the Board. On October 10, 2000, the Board affirmed the OPM's denial, finding that Mr. Lanham did not establish eligibility for a disability retirement annuity. *Initial Decision*, at 8.

While noting Mr. Lanham's various arguments, the Board found that Mr. Lanham did not demonstrate his claim by a preponderance of the evidence. *See* 5 C.F.R. § 1201.56(a) (2000). Among other findings, the Board found that the medical evidence submitted did not show how Mr. Lanham's condition rendered him unable to perform his duties, *see* 5. U.S.C. § 8337(a) (2000); 5 C.F.R. § 831.502(b) (2000), and that the information submitted on his psychiatric condition did not support his claim because it failed to present objective clinical data. *Initial Decision*, at 8–10. After the Board's order in the *Final Decision*, this appeal followed.

## ANALYSIS

We may reverse a decision of the Board if it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, or regulation

---

1. The initial decision became final by order of the Board on July 2, 2001. *Lanham v. Office of Pers. Mgmt.*, No. SF–831E–00–0509–I–1 (July 2, 2001) (*"Final Decision"*).

having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000). However, even given this standard, this court's review of Board decisions is limited, particularly so in the case of entitlement to disability retirement benefits. Under 5 U.S.C. § 8347 (2000), this Court may not review the "factual underpinnings" of the Board's decisions with respect to Federal disability benefits. *See Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985); *Anthony v. Office of Pers. Mgmt.*, 58 F.3d 620, 626 (Fed.Cir.1995) (holding that this Court does not review "the factual underpinnings of physical disability determinations"). Instead, our power of review is limited to determining whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some error going to the heart of the administrative process." *Lindahl*, 470 U.S. at 791, 105 S.Ct. 1620 (internal quotation omitted). The limitations on our review are less severe for mental disability, where we apply the standard of review set forth at § 7703(c) and given above. *See* § 8347(d)(2); *Lindahl*, 470 U.S. at 781–82, 798–99, 105 S.Ct. 1620; *Anthony*, 58 F.3d at 625.

■ Mr. Lanham principally argues that the Board erred in affirming OPM's conclusion that he was not entitled to disability retirement benefits. We understand Mr. Lanham to further argue that the Board erred by failing to provide documents to him, failing to consider certain medical evidence, and by improperly weighing the opinions of various doctors. Despite Mr. Lanham's assertion of error, we lack authority to review the record to determine whether substantial evidence supports the Board's physical disability determination. Mr. Lanham has had a full review of the facts of his disability filing by

the Board and he has been unsuccessful there. Given the limitations on our authority to review the Board's decision, we are not empowered to review the evidence offered by Mr. Lanham. We accept, as we must, the findings of the Board that Mr. Lanham has failed to establish a basis for his physical disability retirement claim. Ultimately, Mr. Lanham bears the burden of demonstrating entitlement to disability retirement benefits. *Cheeseman v. Office of Pers. Mgmt.*, 791 F.2d 138, 141 (Fed.Cir. 1986). Moreover, Mr. Lanham must demonstrate such entitlement before a body, unlike this Court, that is empowered to review the factual basis of the claim.

■ Likewise, we have no authority to review Mr. Lanham's fact-based contentions that the Board failed to take into account certain medical evidence and improperly weighted certain medical opinions over others. Moreover, we do not find, nor does Mr. Lanham argue, that there has been "a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative process." *See Lindahl*, 470 U.S. at 791, 105 S.Ct. 1620 (internal quotation omitted). The only issue that we could potentially address is whether any such errors exist in the process by which the Board concluded that Mr. Lanham is not entitled to the benefits he seeks.

We note that even if this court had authority to review the factual basis for the physical disability decision, that decision, as well as the OPM and the Board's conclusions with respect to the mental conditions, are amply supported by the record. The record shows that the OPM rescinded its initial determination to allow Mr. Lanham the opportunity to submit information for his alleged mental disability. Mr. Lanham had the opportunity to submit such information, but the OPM and

the Board found the data to be insufficient. Further, the Board noted that Mr. Lanham was not removed from his position due to his disability, but because he no longer had the necessary security clearance. Therefore, the Board's decision is supported by substantial evidence.

We conclude that the Board did not err in holding that Mr. Lanham was not entitled to disability retirement benefits. We therefore affirm.